UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIAMOND VIRGIL** | **CIVIL ACTION** |
| **VERSUS** | **NO:  15-4783** |
| **MERRILL BUSH, ET AL** | **SECTION: "J" (4)** |

### ORDER

Before the Court is **Motion to Compel Additional Independent Medical Examination (R. Doc. 23)** filed by Defendants Merrill Bush, McLane Foodservices (improperly named as McLane Trucking, Inc.) and The Insurance Company of the State of Pennsylvania (collectively the "Defendants"). The motion is opposed. R. Doc. 26. The motion was submitted on February 15, 2017 and heard with argument that same day. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART.**

### I.     Background

This diversity action was filed in the District Court on September 25, 2015. R. Doc. 1. Diamond Virgil ("Plaintiff") alleges that on September 26, 2014 her car was rear-ended by Defendant Merrill Bush ("Bush"). *Id.* at p. 1. As such, the Plaintiff filed this action against Bush, the Insurance Company, and McLane Trucking alleging negligence. *Id.* at p. 2. The Plaintiff seeks an award of damage for past and future lost wages; past and future medical expenses; past and future physical pain and suffering; past and future mental pain and anguish; and loss of enjoyment of life. *Id.*

At this time, the Defendants have filed a Motion to Compel an Additional Independent Medical Examination by Pain Management Physician. R. Doc. 23. On April 28, 2015, the Plaintiff underwent treatment at East Jefferson General Hospital and Medical Rehab Accident Injury Center. R. Doc. 23-1, p. 2. The Plaintiff suffered a "cervical intervertebral disc syndrome and

lumbar intervertebral disc syndrome." R. Doc. 23-3, p. 3. At that time, the doctor indicated that he saw "no neurosurgical indications and no indications for pain intervention." Plaintiff later sought a second opinion from another neurosurgeon. R. Doc. 23-1, p. 2. Given that scheduled visit, the Defendants scheduled an Independent Medical Examination ("IME") by neurosurgeon Dr. Everett Robert. *Id.* at p. 3. The Plaintiff then rescheduled that appointment with a third neurosurgeon for January 2017. *Id.* The Plaintiff has not moved forward with another neurosurgeon. Instead, the Plaintiff has continued to receive pain management treatment at Causeway Interventional Medicine with Drs. Walter Ellis and Robert Lesser and underwent a lumbar rhizotomy on October 21, 2016. *Id.* On January 20, 2017, the Defendants learned for allegedly the first time that the Plaintiff had been recommended for a lifetime of rhizotomies by Dr. Ellis, a pain management specialist. *Id.* The Defendants contend that this information alters the facts such that another IME needs to be conducted by a pain management expert, namely Dr. Andrew Carinci.

The Plaintiff has opposed the motion to compel a second independent medical examination arguing that the Defendants have not met the good cause standard. R. Doc. 26. In particular, the Plaintiff explains that she stopped seeking surgery from a neurosurgeon given a change in circumstances after finding fulltime employment as well as the success/relief from injections and pain management. *Id.* at p. 2. While the Plaintiff concedes that she agreed to undergo a second IME by a pain management physician if the Defendants would allow an examination by a doctor in Jefferson Parish and if the Defendants would agree to only use the pain management physician's opinion at trial. *Id.* at p. 5. When the Defendants disagreed and insisted on Dr. Carinci—who is located in Baton Rouge—the Plaintiff objected to a further IME. Now, the Plaintiff appears to argue that a second IME is not warranted at this time and would not aid in shedding any light on the issues at trial. *Id.* at p. 6-7.

## II. Standard of Review

Physical and mental examinations are governed by Federal Rule of Civil Procedure 35. Rule 35 allows the Court to order "a party whose mental or physical condition…is in controversy to submit to a physical or mental examination" when there has been a "motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(1)-(2); *see also, Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990) ("Under Rule 35, three requirements are necessary to enable a court to order a Rule 35 exam: (1) the party's physical or mental condition must be in controversy; (2) the expert must be either a physician or a psychologist; and (3) good cause must be shown."). Rule 35's "in controversy" and "good cause" requirements "are not satisfied by showing 'mere relevance to the case.'" *In re Oil Spill by Oil Rig DEEPWATER HORIZON*, MDL No. 2179, 2012 WL 607971, at *3 (E.D. La. Feb. 24, 2012) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)). As the court in *In Re Oil Spill by Oil Rig DEEPWATER HORIZON* explained:

> Rather, what is required is "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Whether these requirements are met necessarily depends on the particular facts of the case and the scope of the examination sought.

2012 WL 607971, at *3 (citations omitted) (quoting *Schlagenhauf*, 379 U.S. at 118). Finally, "Rule 35(a) should be liberally construed in favor of discovery." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 207 (N.D. Tex. 1996).

In selecting the independent expert to conduct the examination, "the usual attitude is that although the moving party has no absolute right to the choice of the physician, when no serious objection arises, it is probably best for the court to appoint the doctor of the moving party's choice."

3

*Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 196, 202 (N.D. Tex. 1995) (citing 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice &Procedure*, §2234.2 (1994)).

### III.   Analysis

Here, the Defendants have filed a motion for the Plaintiff to submit to an Independent Medical Examination with Dr. Andrew Carinci with Comprehensive Pain Management located at 9118 Bluebonnet Centre Boulevard in Baton Rouge, Louisiana. R. Doc. 23.-2. At this time, the Plaintiff does not appear to argue that her physical health is "in controversy." Rather, the Plaintiff argues that there is not "good cause" for a second IME. R. Doc. 26, p. 6-7.

Although Rule 35 does not limit a party to one medical examination, *good cause* under Rule 35, may entitle a party to obtain more than one examination if the circumstances of an action warrant the same. *Roberts v. AC Marine, Inc.,* No. 12–2317, 2013 WL 1814923, at *4 (E.D.La. Apr. 29, 2013); *Moore v. Calavar Corp.,* 142 F.R.D. 134, 135–36 (W.D.La.1992). However, there are still limits to the good cause such that "[w]here the moving party has already made an examination in the past...the court will require a stronger showing of necessity before it will order repeated examinations." *Booth v. Mohave Transp. Ins. Co.*, No. 05-2679, 2014 WL 388203, at *5 (E.D. La. Aug. 6, 2014).

Here, the Defendants have demonstrated good cause even under closer scrutiny given that this is the second examination. Following the initial IME with a neurosurgeon on September 6, 2016 when the Plaintiff was still considering surgery as at treatment option, the Plaintiff underwent a lumbar rhizotomy on October 21, 2016. R. Doc. 23-1, p. 3. Following that procedure, the Defendants informed the Plaintiff that if she underwent further rhizotomies that they might seek an additional IME concerning the pain management. R. Doc. 23-5. Moreover, as of January of 2017, the Plaintiff had received a plan dated January 9, 2017 that included annual lumbar

4

rhizotomies on the right side with possible rhizotomies on the left side. R. Doc. 23-6. The Plaintiff is no longer pursuing surgery as a treatment option and instead following the recommended pain management plan. As such, given the change in the Plaintiff's treatment plan, the Defendants have demonstrated good cause of the particular examination requested by asking for an IME with a pain management specialist.

However, during oral argument, the Court expressed doubts about the IME occurring in Baton Rouge, Louisiana and encouraged the Defendants to find a local doctor to perform the IME. At this time, the Court has been informed that Defendants have found a local doctor to perform the IME, which therefore eliminates the Plaintiff's location argument.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion to Compel Additional Independent Medical Examination (R. Doc. 23)** is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that the Plaintiff must submit to another Independent Medical Examination to be conducted by a Pain Management expert.

**IT IS FURTHER ORDERED** that the motion is **DENIED** to the extent that the Defendants wish the exam to be performed by Dr. Andrew Carinci in Baton Rouge, Louisiana.

New Orleans, Louisiana, this 23nd day of February 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**